IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


TERRENCE  C AYALA,

      Plaintiff,

v.                                        CASE NO. 1:05-cv-00079-MP-AK

RUDEN  MCCLOSKY SMITH SCHUSTER AND RUSSELL PA,
UNIVERSITY OF FLORIDA BOARD OF TRUSTEES,

      Defendants.

_____/


## <u>O R D E R</u>

This matter is before the Court on Doc. 1, Complaint for Preliminary Restraining Order and for Temporary and Permanent Injunction Against the Defendants;  Doc. 3, Motion for Preliminary Injunction; and Doc. 4, Motion for Temporary Restraining Order.  Because plaintiff's requested relief would violate the Anti-Injunction Act, 28 U.S.C. § 2283, the Court denies the motions and dismisses this case sua sponte.

The plaintiff in this case alleges that he is involved in a state court proceeding and that during that proceeding the defendants obtained an order from the state court compelling the University of Florida to turn over various educational records of plaintiff.  Plaintiff argues that turning the records over would violate his rights under the Federal Educational Rights and Privacy Act, the Health Insurance Portability and Accountability Act, the Americans with Disabilities Act and the Rehabilitation Act of 1973.   Plaintiff admits that "because of financial and other circumstances, Plaintiff lacks the resources to actively participate in that action", but nonetheless has filed an appeal to Florida's Fourth District Court of Appeal.  Also, since it is alleged that the order to compel requires the University to comply by April 21, 2005, plaintiff

has filed a complaint in this Court seeking a temporary and permanent injunction and a motion

for temporary restraining order.

The Court has carefully reviewed the various pleadings submitted by the Plaintiff and it

is apparent that Plaintiff's federal action is barred by 28 U.S.C. § 2283, the Anti-Injunction Act.

The Act states:

> A court of the United States may not grant an injunction to stay proceedings in a State
> court except as expressly authorized by Act of Congress, or where necessary in aid of its
> jurisdiction, or to protect or effectuate its judgments.

As an initial matter, the Anti-Injunction Act is equally applicable to an injunction

addressed, as in this action, to the parties to the state court action, instead of directly to a state

court.  Pacific Indemnity Co. v. Acel Deloney Service, Inc., 432 F.2d 952 (5th Cir. 1979) *cert.*

*denied*, 401 U.S. 955, 91 S.Ct. 973, 28 L.Ed.2d 238 (1971); Safeco Ins. Co. of America v. Norris

& Hirshberg, Inc., 640 F.Supp. 712, 714 (N.D. Ga. 1986); "It is settled that the prohibition of §

2283 cannot be evaded by addressing the order to the parties or prohibiting utilization of the

results of a completed state proceeding." Atlantic Coast Line R.R. Co. v. Brotherhood of

Locomotive Engineers, 398 U.S. 281, 287, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970); Klay v.

United Healthgroup, Inc., 376 F.3d 1092, 1102 n. 14 (11th Cir. 2004).  Therefore, the fact that

the plaintiff characterizes the requested relief as applying to the defendant University and law

firm is of no import.  The effect of the relief would be to foreclose application of the state court

order to compel, and thus Plaintiff cannot escape the Anti-Injunction Act by such a pleading

device.

The Eleventh Circuit has instructed that a federal court should be wary to interfere with

the business of a coexisting judicial system. The import of the Anti-Injunction Act, as its name

suggests, is that a federal court injunction of state litigation is to be the exception, not the rule. Delta Air Lines, Inc. v. McCoy Restaurants, Inc. 708 F.2d 582, 585 (11th Cir. 1983). The statute provides for federal injunctions only in three limited circumstances: (1) if expressly authorized by Act of Congress, (2) where necessary in aid of a federal court's jurisdiction, and (3) to protect or effectuate a federal court's judgment. The United States Supreme Court has admonished lower federal courts to hesitate to enjoin state court proceedings: "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 297, 90 S.Ct. 1739, 1748, 26 L.Ed.2d 234 (1970). Thus, because of the sensitive nature of federal interference with state court litigation, the exceptions to the rule against injunctions must be narrowly construed. Delta Air Lines, Inc. v. McCoy Restaurants, Inc. 708 F.2d 582, 585 (11th Cir. 1983).

In the instant case, the plaintiff is simply not satisfied with the way the state court has handled a discovery motion. He still has avenues of appeal available to him in the state system, and in fact has taken advantage of them. In addition, he has not pointed to any federal statute which specifically authorizes the injunction he seeks. Nor has he showed how the injunction protects either this Court's jurisdiction or one of its judgments.

Plaintiff therefore cannot demonstrate that any of the narrowly construed exceptions to the Anti-Injunction Act justify the relief he requests. Instead, the heart of plaintiff's argument appears to be this: that the privacy provisions in the federal statutes involved should be found to outweigh the concerns of comity and federalism that underlie the Anti-Injunction Act. The United States Supreme Court, however, has specifically instructed federal courts not to

undertake such a balancing approach:

> Given the clear prohibition of § 2283, the courts will not sit to balance and weigh the importance of various federal policies in seeking to determine which are sufficiently important to override historical concepts of federalism underlying § 2283; by the statutory scheme it has enacted, Congress has clearly reserved this judgment unto itself.

Vendo Co. v. Lektro-Vend Corp., 433 U.S. 623, 639 (1977). Also, the Court instructed, "a

federal court does not have inherent power to ignore the limitations of § 2283 and to enjoin state

court proceedings merely because those proceedings interfere with a protected federal right or

invade an area preempted by federal law, even when the interference is unmistakably clear."

Atlantic Coast Line R.R., 398 U.S. at 294.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The motion for temporary restraining order (doc. 4) and for preliminary injunction (doc. 3) are denied, and because this Court lacks jurisdiction to grant the relief sought by the plaintiff, this case is dismissed with prejudice and the Clerk is directed to close the file.

**DONE AND ORDERED** this _19th_ day of April, 2005

_____s/Maurice M. Paul_____

Maurice M. Paul, Senior District Judge